# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JBM INDUSTRIES, LLC,
a West Virginia Limited Liability Corporation,

           Plaintiff,

v.                                        CIVIL ACTION NO. 3:17-1198

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Mesa Underwriters Specialty Insurance Company's ("Mesa") Motion for a More Definite Statement. ECF No 6. Mesa contends that Plaintiff JBM Industries' ("JBM") Complaint for breach of contract is so vague and ambiguous as to make it impossible for Mesa to tender a response. JBM has not responded to the Motion. For the following reasons the Motion is **DENIED**.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement must be considered in conjunction the pleading standard found in Rule 8. *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005). Rule 8 requires that a claim for relief must contain: (1) "a short plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). So long as a plaintiff has met this standard, a 12(e) motion is unlikely to be granted. "Rule 12(e)'s

standard is plainly designed to strike at unintelligibility rather than lack of detail." *Moore's Federal Practice* § 12.36 (3d ed. 2009) (citing *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D Colo. 1991)). More generally, 12(e) motions are disfavored because the information sought in a 12(e) motion usually can be addressed though discovery. *Bayer Corp*, 367 F. Supp. 2d at 917 (citing *Hilska v. Jones*, 217 F.R.D. 16, 21 (D.D.C. 2003)); *Moore's Federal Practice* § 12.36.

The Court does not find that JBM's Complaint is so unintelligible that Mesa cannot formulate a response. JBM's Complaint complies with the standard set out in Rule 8. Certainly, JBM could have made its Complaint more detailed by referencing the specific sections of the insurance contract it claims were breached. Nevertheless, it is enough that JBM alleged that it entered into an insurance contract with Mesa to cover a sports bar owned by JBM, the bar suffered a loss, JBM submitted a claim, and believes the claim was not handled in accord with the terms of the insurance contract.

Moreover, the terms of the contract are almost undoubtedly known to Mesa, as are the facts surrounding the claims process. Mesa possess enough information about the breach of contract claim to formulate a response. *See Wheeler v. USPS*, 120 F.R.D. 487, 488 (M.D. Pa. 1987) (denying motion in part because information sought by defendant concerning extent and nature of plaintiffs' claims was within defendant's knowledge). The parties can further refine the scope of the litigation through discovery.

JBM has complied with the standard set out in Rule 8; the Complaint is neither too ambiguous nor unintelligible to prevent Mesa from formulating a response. Accordingly, the Motion is **DENIED**. ECF No. 6.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 7, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE